**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**OCALA DIVISION**

LEONARDO SIMPKINS,

      Plaintiff,

v.                                  Case No.   5:26-cv-246-KCD-PRL

STATE OF FLORIDA,
MICHAEL JOHNSON,
EDWARD SCOTT,
MCCATHERIAN, and
WISSINGER,

      Defendants.

                                          /

## <u>ORDER</u>

Plaintiff Leonardo Simpkins, an inmate of the Florida state penal system, filed this action through a pro se Complaint for Violation of Civil Rights. (Doc. 1.) Upon review of his filing, however, it is unclear what type of action he seeks to bring. Simpkins alleges violations his Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendment rights as well as violations of the Ku Klux Klan Act (*id*. at 3–4), but he also appears to challenge his 2007 state court conviction (*id*. at 4–5). As for relief, Simpkins asks the Court to invalidate his illegal sentence and release him with a full pardon after review of his state court case. He also requests federal habeas corpus forms stating that the state trial court has banned him from filing. (*Id*. at 5.) To the extent Simpkins seeks

to pursue a civil rights action, this case is due to be dismissed without prejudice. Simpkins has failed to pay the filing fee and is barred from proceeding *in forma pauperis* under 28 U.S.C. § 1915(g).

The Prison Litigation Reform Act ("PLRA") amended 28 U.S.C. § 1915 by adding the following subsection:

> (g) In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). Section 1915(g), commonly referred to as the "three strikes" provision, requires this Court to consider prisoner actions dismissed before, as well as after, the enactment of the PLRA.

This Court takes judicial notice of at least the following three cases previously brought by Simpkins that were dismissed on the grounds that they were frivolous, malicious, or failed to state a claim upon which relief may be granted: (1) *Simpkins v. Sec'y, Dep't of Corr.*, Case No. 3:14-cv-459-MMH-PDB (M.D. Fla.) (complaint dismissed as frivolous); (2) *Simpkins v. Brown, et al.*, Case No. 3:17-cv-7-MMH-JK (M.D. Fla.) (complaint dismissed as frivolous) ; and (3) *Simpkins v. Andrews, et al.*, Case No. 3:17-cv-148-MMH-PDB (M.D. Fla.) (complaint dismissed as frivolous).

Therefore, because Simpkins has had three or more prior qualifying dismissals, and his allegations do not warrant the imminent danger exception to dismissal, *Mitchell v. Nobles*, 873 F.3d 869, 872 (11th Cir. 2017), this case is dismissed without prejudice. Simpkins may initiate a new civil rights action by filing a new civil rights complaint form and paying the full filing fee at the time of filing his complaint. Alternatively, if he wishes to challenge his state court convictions, Simpkins may do so by filing a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 on the Court's standard form.

Accordingly, it is **ORDERED:**

1.      This case is **DISMISSED without prejudice** pursuant to 28 U.S.C. § 1915(g).

2.      The **Clerk of Court** shall enter judgment dismissing this case without prejudice, terminate any pending motions, and close the case.

**ENTERED** in Fort Myers, Florida on April 14, 2026.

Kyle C. Dudek
United States District Judge

OCAP-1
c:    Leonardo Simpkins, #U36009

3